

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDWARD LEE BLACK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0026 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 108th Judicial District Court of Potter County, Texas, for the felony offense of manufacture/delivery of a controlled substance in a Drug Free Zone. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On February 20, 2003, after an undercover "buy" at an Amarillo residence, petitioner was arrested for a controlled substance offense. On February 24, 2003, a complaint was filed charging petitioner with the offense of manufacture/delivery of a controlled substance. Petitioner was appointed counsel on February 26, 2003. On June 18, 2003, in Cause No. 47,305-E, petitioner was

indicted for the offense of manufacture/delivery of a controlled substance as follows:

> [O]n or about the 21st day of February, 2003 . . . [petitioner] did then and there intentionally and knowingly deliver by offer to sell to Carlos Perez, a controlled substance, namely, Cocaine, in an amount of four grams or more but less than two hundred grams by aggregate weight, including any adulterants and dilutants.

The indictment also alleged petitioner committed the offense in, on and within 1,000 feet of a school. On July 2, 2003, petitioner was re-indicted under Cause No. 47,419-E with the same offense, however, the offense was alleged to have been committed on or about the 20th day of February, 2003. On or about July 17, 2003, Cause No. 47,304-E was dismissed based on the re-filing of the indictment in Cause No. 47,419-E.

On January 15, 2004, petitioner entered a plea of guilty to the charged offense in exchange for the State's recommendation of a 15-year sentence of imprisonment in the Texas Department of Criminal Justice, Institutional Division. On that same date, the trial court accepted petitioner's plea, found petitioner guilty as confessed, and assessed punishment at fifteen (15) years imprisonment. Petitioner was allowed jail credit from February 20, 2003 until the date of the sentence. After the trial court advised petitioner of his right to appeal and have appellate counsel appointed to perfect an appeal, defendant stated he did not wish to appeal this case and did not wish to have counsel appointed. No appeal was taken.

On May 5, 2004, petitioner filed a state application for a writ of habeas corpus challenging the instant conviction on the same grounds raised herein. *Ex parte Black*, No. 59,362-01. On October 6, 2004, the Texas Court of Criminal Appeals denied petitioner's application without written order. On January 21, 2005,[1] petitioner filed the instant application for federal habeas relief

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.")

in this Court.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was unlawfully arrested for the offense which forms the basis of his conviction;

2. Petitioner's guilty plea was involuntary;

3. Petitioner was convicted pursuant to a defective indictment; and

4. Petitioner's sentence is illegal.

## III.
## STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to

be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

As previously noted, petitioner has filed one (1) state habeas application with the Texas Court of Criminals Appeals challenging his conviction and sentence in this cause on the same grounds raised herein. That court denied petitioner's state habeas application without written order. The ruling of the Texas Court of Criminal Appeals on the grounds presented constitutes an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

## IV.
## BURDEN OF PROOF

Respondent argues, and the undersigned agrees, that petitioner has failed to meet the burden of proof necessary, under the AEDPA standard of review, to be granted federal habeas corpus relief. Namely, petitioner has failed to show the Texas Court of Criminal Appeals decision denying petitioner's grounds of error, identical to the grounds raised herein, "was contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." Petitioner has failed to identify any clearly established United States Supreme Court precedent demonstrating the state court's decision on the merits was contrary thereto. Instead, petitioner has merely repeated the same allegations raised in his state writ application. Nor has petitioner demonstrated the state court's decision denying his alleged grounds of error was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. Petitioner has failed to meet his required burden of proof in this case so as to entitle him to federal habeas corpus relief.

# V.
# MERITS OF PETITIONER'S ALLEGATIONS

Even if this Court considers the merits of petitioner's allegations, petitioner has not shown he is entitled to federal habeas corpus relief. Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights. Based upon a review of the state court records and the pleadings of record with this Court, it is the opinion of the Magistrate Judge that petitioner has failed to show he is being unlawfully detained in violation of the Constitution and laws of the United States.

## A.
## Legality of Arrest

Petitioner initially claims his arrest, effected on February 20, 2003, was unlawful because there was no outstanding warrant for petitioner's arrest, petitioner was not identified in the police report as the individual from whom the officers had arranged to buy drugs, the house at which the drug transaction took place did not belong to petitioner, and petitioner did not physically possess any drugs at the time of arrest. Petitioner does not identify any evidence obtained as a result of the arrest which he contends should have been suppressed as a result of the "illegal arrest," nor does he allege how his constitutional rights were violated as a result of the non-suppression of any evidence obtained as a result of the "illegal arrest." Petitioner has not alleged any evidence was seized, nor any statement given, as a result of the alleged "illegal arrest," or that such evidence and/or statement was unconstitutionally used against petitioner resulting in his conviction of the instant offense. Consequently, petitioner has failed to show he suffered any prejudice as a result of what he

contends was an improper arrest.

Further, even if the arrest of petitioner were questionable, such illegal arrest would have been remedied by the suppression of any product of the violation. The United States Supreme Court has significantly narrowed the scope of federal habeas review of Fourth Amendment claims based on principles of comity and respect for the finality of state court judgments. In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court stated:

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Id.*, 428 U.S. at 494, 96 S.Ct. at 3052. The bar to federal habeas relief set forth in *Stone v. Powell* applies even if the petitioner has failed to avail himself of the state court processes in place to challenge an unlawful search and seizure. *See Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002. The 'opportunity for full and fair litigation' means just that: 'an opportunity.' *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). If a state provides the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes.

Petitioner had ample opportunity to raise a Fourth Amendment claim during pre-trial proceedings before the state trial court before the entry of his guilty plea. Petitioner was arrested on February 20, 2003, appointed counsel on February 26, 2003, and did not enter a guilty plea until January 15, 2004. Even more importantly, petitioner raised this issue with the Texas Court of Criminal Appeals in his state habeas application which the state's high court denied on the merits. The undersigned concludes that in this case, the State of Texas clearly provided an opportunity for full and fair litigation of petitioner's Fourth Amendment claim of an illegal arrest both at the trial

and habeas review levels. Consequently, even if there were some unspecified evidence resulting from an illegal arrest, this ground alleging a Fourth Amendment violation is barred from federal habeas collateral review by *Stone v. Powell* and should be denied.

B.
Involuntary Plea

In his second ground, petitioner argues his plea was involuntary because it was the product of coercion. Namely, petitioner alleges coercion in the form of petitioner's attorney talking to petitioner's family and requesting they encourage petitioner to accept the State's plea offer produced an involuntary plea.

Petitioner's allegations of coercion are conclusory and totally lacking probative evidentiary value. Even if petitioner's allegations are true, such acts on the part of his attorney and family were not sufficient to find his plea was coerced. Petitioner, although alleging coercion by his family and/or attorney, does not allege actual or threatened physical harm, unkept promises, or bribes. Trial counsel's alleged action, to wit: contacting petitioner's family and requesting they encourage petitioner to plea, does not amount to mental coercion sufficient to overbear petitioner's free will. Nor has petitioner shown mental coercion as a result of pressure from his family to plead guilty was sufficient to overcome his free will. There has been no showing that petitioner's guilty plea was coerced.

Moreover, the undersigned notes petitioner's claim that his guilty plea was involuntary is contradicted by the Written Plea Admonishments contained in the record. The trial court, after the plea colloquy, found petitioner's plea was freely and voluntarily made. Petitioner has not shown he did not understand the charge against him, the maximum punishment to which he was exposed, or the consequences of his guilty plea. Petitioner's second ground is without merit and should be

denied.

C.
Defective Indictment

In his third ground, petitioner contends his conviction is unconstitutional because the original indictment, which was subsequently dismissed, alleged the charged offense was committed on February 21, 2003, while the second indictment alleged the charged offense was committed on February 20, 2003. Petitioner has not demonstrated any violation of his constitutionally protected rights so as to entitle him to federal habeas corpus relief.

Petitioner raised this ground in his state habeas application which was denied on the merits by the state's high court. "Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). As the state court refused to find the indictment against petitioner was defective, this Court should not consider such claim. Petitioner's ground is without merit.

D.
Illegal Sentence

By his fourth ground, petitioner appears to either allege the evidence against him was insufficient to sustain his conviction for the charged offense as he was "just [] there at the house," or that defense counsel's advice that he should plead because he could be found guilty of the charged manufacture/ distribute offense "for just being there at the house" was erroneous. Under either basis, petitioner concludes his 15-year sentence is illegal.

Petitioner's claims constitute conclusory allegations unsupported by specifics or probative evidence in the record. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . unsupported and

unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Petitioner's claim of an illegal sentence is without merit.

### E.
### Effectiveness of Counsel

In correspondence received by the Court on August 1, 2005, petitioner appears to argue he received ineffective assistance of counsel because he did not speak to counsel until almost a year after she was appointed to represent him (during which time petitioner was incarcerated in the Potter County Jail for this offense), counsel advised petitioner he could not win if he went to trial, counsel advised petitioner to take the State's plea offer, counsel never asked petitioner's side of the story, counsel only spoke with petitioner two times before his plea of guilty, and counsel disregarded the purported affidavit of another individual wherein that individual stated "everything" was his and petitioner "had nothing to do with it."

Petitioner's attempt to assert additional grounds by way of correspondence to the Court was improper. Said correspondence was not a proper pleading, and was submitted after the State's answer. Petitioner's allegations are not properly before the Court and will not be addressed herein. Moreover, petitioner has not submitted any affidavits from any third parties or any police report or other documentation in support of these allegations. Petitioner's allegations, made in the correspondence, are self-serving and conclusory and, thus, would not merit federal habeas corpus relief.

### V.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the petition for a writ of habeas corpus filed by petitioner EDWARD LEE BLACK be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of November 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).